IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 94-196-1 |
| | : | |
| MELVIN WILLIAMS | : | |

### COUNSELED MEMORANDUM IN SUPPORT OF PETITIONER'S RULE 59 MOTION TO RECONSIDER

Petitioner Melvin Williams submits this counseled memorandum in support of his *pro se* motion to reconsider under Federal Rule of Civil Procedure 59(e). Although defense counsel previously stated that this § 2255 must be denied, (ECF # 425 at 1), intervening developments in the law now require defense counsel to join Mr. Williams's Rule 59 motion. In particular, reconsideration is warranted given the Third Circuit oral argument in *United States v. Stoney*, No. 21-1784, which was held on November 9, 2022. In light of *Stoney*, counsel moves the Court to grant the § 2255 motion or to issue a certificate of appealability on two questions: (1) whether aiding-and-abetting offenses qualify as crimes of violence under 18 U.S.C. § 924(c), and (2) whether a § 924(c) conviction should be vacated when it is based on valid and invalid predicates that are not inextricably intertwined.

## I. Procedural History

The Court is familiar with the procedural history of this case. Briefly, in 1997, Mr. Williams was convicted of multiple offenses including a violation of § 924(c). The trial court charged the jury that the § 924(c) offense could rest on four crimes of violence: conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951, (Count 1); conspiracy to assault and kill federal agents, 18 U.S.C. § 371, (Count 2); attempting to kill federal agents, 18 U.S.C. § 1114, (Counts 3 and 4); and assaulting federal agents with a deadly weapon, 18 U.S.C. § 111, (Counts 5 and 6). (ECF # 335 at 56; ECF # 423 at 6). The jury convicted of § 924(c) but did not identify the predicate. (ECF # 288).

In 2016, Mr. Williams filed a § 2255 motion seeking relief from his § 924(c) conviction. (ECF # 412; ECF # 416). He argued that the predicates for his § 924(c) conviction are no longer crimes of violence under *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019).

The parties later agreed that the conspiracy offenses (Counts 1 and 2) are not valid predicates under § 924(c). (ECF # 423 at 6). Yet defense counsel ultimately conceded that this § 2255 must be denied, while reserving the right to appeal. (ECF # 425 at 1). Mr. Williams disagreed with defense counsel's concession and sought relief in a *pro se* memorandum. (ECF # 426).

This Court denied the § 2255 motion and the *pro se* memorandum by amended order entered July 29, 2022. The Court also denied a certificate of appealability. (ECF # 431).

On August 8, 2022, Mr. Williams filed a timely *pro se* motion for reconsideration under Rule 59. (ECF # 435). He filed a letter in support on August 22, 2022. (ECF # 436). Mr. Williams also filed a notice of appeal. (ECF # 437). This Court stayed the Rule 59 motion pending appeal. (ECF # 438).

Meanwhile, the Third Circuit directed the parties to address whether Mr. Williams's appeal could proceed while his Rule 59 motion is pending. (App. Ct. Dkt. # 9). Mr. Williams responded that the appeal cannot proceed because the notice of appeal will only become effective after the Rule 59 motion is resolved. (App. Ct. Dkt. # 15 at 2) (citing Fed. R. App. P. 4(a)(4)(B)). The government disagreed, arguing that the Rule 59 motion does not actually seek reconsideration or even challenge the denial of the § 2255 motion. (App. Ct. Dkt. # 14 at 3). The Third Circuit has not yet ruled on whether the appeal can proceed.

**II.     This Court should rule on the Rule 59 motion.**

This Court should rule on the Rule 59 motion at this time. Although Mr. Williams filed a notice of appeal, the notice will only become effective after this Court rules on the Rule 59 motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

In response, the government argues that the Rule 59 motion does not seek reconsideration or even challenge the denial of the § 2255 motion. (App. Ct. Dkt. # 14 at 3). This argument fails because courts construe *pro se* pleadings liberally. *See, e.g.*, *Lewis v. Att'y Gen.*, 878 F.2d 714, 722 (3d Cir. 1989).

Read liberally, Mr. Williams's Rule 59 motion does challenge the denial of his § 2255 motion: Mr. Williams disagrees with defense counsel's decision to concede his § 2255 motion and refers to *Taylor*, a leading case on § 924(c) predicates. Specifically, he asserts that defense counsel "instructed the defendant that they were waiting on the Supreme Court decision in *Taylor* (attempt cases) then unbeknown to the Defendant placed a motion into the Court to concede." (ECF # 435 at 2) (citing *United States v. Taylor*, 142 S. Ct. 2015 (2022)).

Moreover, Mr. Williams's letter filed August 22, 2022 explicitly challenges his § 924(c) conviction. (ECF # 436). Read liberally, this letter is a supplement to the Rule 59 motion, or is a timely Rule 59 motion itself. *See, e.g.*, *United States v. Morales*, No. 20-2877, 2021 WL 5755079, *1 n.1 (3d Cir. Dec. 3, 2021) (government filing construed as supplement to Rule 59 motion).[1]

---

[1] If the Court believes that the notice of appeal precludes it from granting reconsideration, it may issue an indicative ruling that it would grant the motion. *See* Fed. R. Crim. P. 37(a)(3); *see also Venen v. Sweet*, 758 F.2d 117, 123 (3d Cir. 1985).

### III. The Court should grant the Rule 59 motion.

On the merits, the Court should grant reconsideration on two grounds. First, aiding-and-abetting offenses do not qualify as crimes of violence under § 924(c). Second, a § 924(c) conviction should be vacated when it is based on valid and invalid predicates that are not inextricably intertwined.

### A. Aiding-and-abetting offenses are not valid § 924(c) predicates.

This Court should grant the § 2255 motion because aiding-and-abetting offenses are not valid § 924(c) predicates. Alternatively, the Court should grant a certificate of appealability because reasonable minds could differ on this issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This issue arises from intervening developments in the law, specifically the Third Circuit oral argument in *United States v. Stoney*, No. 21-1784, which was held on November 9, 2022. In *Stoney*, the Third Circuit granted a certificate of appealability "on the issue of whether aiding and abetting Hobbs Act robbery and Hobbs Act robbery based on Pinkerton liability qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(A)." Order, United States v. Stoney, No. 21-1784 (3d Cir. Feb. 11, 2022). *Stoney* came to the attention of defense counsel when the Third Circuit listed the appeal on its public calendar for oral argument.

In *Stoney*, as here, the petitioner argues that an offense committed by aiding and abetting is not a crime of violence under § 924(c). Under the categorical

5

approach, an aider and abettor need not use, attempt to use, or threaten the use of physical force; mere words or gestures of encouragement are enough. And under *Taylor* a defendant should not be held vicariously liable for the acts of the principal.

A defense win in *Stoney* would apply to Mr. Williams. His § 924(c) conviction rests on multiple predicates, of which the government defends two: attempting to kill federal agents (Counts 3 and 4), and assaulting an agent with a deadly weapon (Counts 5 and 6). (ECF # 423 at 6-7). These Counts are based on an aiding and abetting theory of liability; they involved non-fatal shootings, in which Mr. Williams was not the gunman. The trial court instructed the jury that "the shootings were not, of course, the acts of Mr. Williams," (ECF # 335 at 50), and that the jury could convict only if it found that Mr. Williams gave the command to shoot, (ECF # 335 at 91).[2]

### B. A § 924(c) conviction should be vacated when it is based on valid and invalid predicates that are not inextricably intertwined.

In the alternative, reconsideration is warranted for a second, independent reason: A § 924(c) conviction should be vacated when it is based on valid and

---

[2] Mr. Williams concedes that the weight of authority favors the government on the aiding-and-abetting issue. *See, e.g.*, *United States v. Styles*, No. 19-3217, 2022 WL 34126, *2-3 (3d Cir. Jan. 4, 2022) (not precedential) (holding that aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)). However, many of these decisions predate *Taylor*, and they did not preclude the Third Circuit from granting a certificate of appealability in *Stoney*.

invalid predicates that are not inextricably intertwined. At the least, reasonable minds could differ on this issue. *See Slack*, 529 U.S. at 484. Again, this issue arises from intervening developments in *Stoney*.

Pre-*Stoney*, the Third Circuit addressed a § 924(c) conviction based on valid and invalid predicates in *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020). In *Wilson*, the defendant was convicted of § 924(c) based on armed bank robbery (valid) and conspiracy to armed bank robbery (invalid). *See id.* Despite the invalid predicate, the Third Circuit affirmed the § 924(c) conviction. It explained:

> The jury convicted both defendants on both bank-robbery counts. So we can tell from the verdict form, as well as from the evidence presented at trial, that there is no 'reasonable possibility' that the jury based its § 924(c) convictions only on the conspiracy as opposed to the bank-robbery counts. Thus, even if the instruction was erroneous, any error was harmless.

*Id.* (citations omitted).

*Wilson* is not the final word, however, as a recent government filing suggests. In *Stoney*, the government recently filed a Rule 28(j) letter suggesting that in some cases a § 924(c) conviction should be vacated when it is based on valid and invalid predicates:

> In the following cases, the Second Circuit vacated a § 924(c) conviction given the possibility of valid and invalid predicates: *United States v. Heyward*, 3 F.4th 75, 80-86 (2d Cir. 2021); *United States v. Capers*, 20 F.4th 105, 122-27 (2d Cir. 2021). In those cases . . . the record did not make it possible to determine whether the

> § 924(c) conviction was supported by a qualifying predicate.

Government's Rule 28(j) Letter at 2, United States v. Stoney, No. 21-1784 (3d Cir. Nov. 18, 2022).

The government is correct. *Heyward* vacated a § 924(c) conviction on plain error review where the conviction could have been based on either valid or invalid predicates because the predicates were not "inextricably intertwined," but rather had a "distinct factual separation." *Heyward*, 3 F.4th at 83 (citation omitted). *Capers* vacated a § 924(c) conviction where the conviction was based on valid or invalid predicates that were not "intertwined." *Capers*, 20 F.4th at 125 (citation omitted). In addition, the Fifth Circuit has vacated several § 924 convictions on plain error review where the offenses could have been based valid predicates (drug trafficking) or invalid ones (RICO conspiracy). *See United States v. Hankton*, 51 F.4th 578, 592 (5th Cir. 2022); *United States v. Perry*, 35 F.4th 293, 342 & n.38 (5th Cir. 2022); *United States v. McClaren*, 13 F.4th 386, 413-14 (5th Cir. 2021); *United States v. Jones*, 935 F.3d 266, 271 (5th Cir. 2019) (per curiam).

Given the government's Rule 28(j) letter in *Stoney*, reconsideration is warranted. Defense counsel previously asserted that *Wilson* was wrongly decided. (ECF # 425 at 2-3). Mr. Williams himself preserved the argument that *Wilson* is distinguishable. (ECF # 426 at 6). And in his letter filed August 22, 2022, he sought reconsideration on the ground that "since *Johnson*, *Davis*, and *Taylor* ruled

8

out 4 of the 5 predicates in my 924(c) count, there is a 90% chance that the jury used one of the non qualifiers that the judge instructed them that-could-be-used to find me guilty." (ECF # 436 at 2).

Even if Mr. Williams's § 924(c) conviction is based on valid and invalid predicates, they are not inextricably intertwined. Count 1 is conceptually distinct from Counts 3 through 6 because it is the only predicate based on Mr. Williams's own guns. (ECF # 335 at 69); *see also* (ECF # 426 at 8). Counts 3 through 6 are conceptually distinct because they are based on an aiding-and-abetting theory and a separate incident. On this record, the trial court's error in instructing the jury that Counts 1 and 2 are § 924(c) predicates is not harmless.

**WHEREFORE**, Mr. Williams respectfully requests that the Court reconsider the amended order entered on July 29, 2022 and grant the § 2255 motion or issue a certificate of appealability on two questions: (1) whether aiding-and-abetting offenses qualify as crimes of violence under § 924(c), and (2) whether a § 924(c) conviction should be vacated when it is based on valid and invalid predicates that are not inextricably intertwined.

Respectfully submitted,

*/s/ Abigail E. Horn*
ABIGAIL E. HORN
Assistant Federal Defender

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I have served this document electronically upon Robert A. Zauzmer, Assistant United States Attorney and Chief of Appeals, via this Court's ECF system.

/s/ *Abigail E. Horn*
ABIGAIL E. HORN

DATE:   January 4, 2023